# CASES

## FIRST DISTRICT.

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1905.

---

### Elizabeth E. Smith v. Karl Eitel.

#### Gen. No. 11,880.

1. PURCHASE PRICE—*when may be recovered.* Where a bargain and sale is completed by contract, but no delivery is made, the vendor may treat the property involved as that of the vendee and may tender the same to him and recover the purchase price either under a special count or under the common counts.

2. MOTION TO DIRECT—*what question raised by.* A motion to direct a verdict for the defendant raises only a question of law, namely, whether there is evidence before the jury from which, taken as true, the jury may properly find a verdict for the plaintiff.

Action in assumpsit. Error to the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term 1904. Reversed and remanded. Opinion filed July 11, 1905.

**Statement by the Court.** Plaintiff in error brought an action in assumpsit against defendant in error in the Circuit Court. The declaration contains the common counts in *indebitatis assumpsit* and the following special counts:

"Elizabeth E. Smith, plaintiff, by C. M. McLaren, her attorney, complains of Karl Eitel, the defendant, in a plea of trespass on the case upon promises.

For that whereas, heretofore, to-wit, on or about the 1st day of June, A. D. 1893, at said county, Garden City Filter Company was a duly organized corporation under the laws

464

of the State of Illinois, and of the capital stock of which corporation this plaintiff was then and there the owner and had in her possession unincumbered, two hundred and seventy-one shares:

"And whereas, heretofore, to-wit, on or about the day last aforesaid at said county, the defendant bargained for and bought of the plaintiff, at the request of the defendant, a certain quantity, to-wit, two hundred and seventy-one shares of the capital stock of the said Garden City Filter Company, at a certain price or value, to-wit, for the sum of eleven thousand dollars at said county, said shares of stock to be delivered by the plaintiff to the defendant at Chicago, in the said county, and to be paid for by the defendant at the request of the plaintiff as follows, to-wit: Five thousand dollars on the delivery thereof and six thousand dollars six months thereafter; and in consideration thereof and that the plaintiff at the request of the defendant would deliver the said two hundred and seventy-one shares of the capital stock in said Garden City Filter Company, at the county aforesaid, the defendant then and there promised the plaintiff to accept the said shares of stock from her and to pay for the same the sum of eleven thousand dollars as promised, to-wit: Five thousand dollars on the delivery thereof and six thousand dollars six months thereafter. And although the plaintiff afterwards, at said county, was ready and willing and then and there tendered and offered to deliver the said two hundred and seventy-one shares of the capital stock of the said Garden City Filter Company to the defendant, and then and there requested the defendant to accept the same and to pay her, the plaintiff, therefor as aforesaid. Yet the defendant, not regarding his said promise and undertaking, did not, nor would, when he was requested, or at any time before or afterwards, accept the said two hundred and seventy-one shares of the capital stock of the said Garden City Filter Company, or any part thereof, or pay for the same or any part thereof at the price aforesaid or otherwise, but wholly neglected and refused so to do, to the damage of the plaintiff of eleven thousand dollars."

At the close of the evidence the defendant moved that the jury be directed to return a verdict for the defendant. Upon the suggestion of the court, the parties then entered into the following stipulation:

"The trial of this cause now pending and the defendant moving for a direction from the court to the jury to find a verdict for the defendant, it is hereby stipulated by the parties that the verdict of the jury may be taken herein, subject to the question of law thus raised, and that should it be against the defendant or should the jury disagree, the court may hereafter, should it be of opinion that the motion of defendant thus made ought to have been sustained, set aside the said verdict and enter judgment herein for the defendant as if said motion had been sustained and the jury instructed to find for the defendant."

After this stipulation had been entered into the court denied defendant's motion and submitted the cause to the jury and a verdict was returned for the plaintiff for $11,000 damages. This verdict was set aside by the court. The defendant then moved for final judgment in his favor under said stipulation, and the court entered the following judgment:

"On the stipulation of the parties to this suit filed herein the court finds that the jury should have been instructed to find for the defendant, and the court finds as if there had been a verdict rendered herein by the jury aforesaid finding the issues for the defendant under the instructions by the court and leave is hereby given the plaintiff to file a written motion for a new trial herein *nunc pro tunc* within twenty days from this date.

Thereupon the plaintiff enters herein her motion for a new trial in said cause. After arguments of counsel and due deliberation by the court said motion is overruled and a new trial denied.

Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff his costs and

charges in this behalf expended and have execution therefor."

From this judgment the plaintiff prosecutes this writ of error.

UTT BROS., for plaintiff in error.

C. H. POPPENHUSEN and JOSEPH L. McNAB, for defendant in error; S. S. GREGORY, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Under the stipulation the judgment is to be regarded as a judgment for the defendant, upon a verdict for the defendant, returned by the jury by direction of the court.

The question presented by the record is, whether there was testimony upon which, taken as true, the jury might properly have found a verdict for the plaintiff.

The evidence for the plaintiff tended to show that in May, 1903, plaintiff had two certificates of shares of stock in the Garden City Filter Company, a corporation, one for 211, the other for 60 shares; that she offered to sell 271 shares of the stock of said corporation to the defendant at the price of $11,000 cash; that defendant replied that he would take the stock but did not know whether he could pay all cash; that plaintiff then offered to take $5,000 cash and $6,000 in six months and defendant said: "Well, I will take it at that"; that plaintiff handed him said two stock certificates and he took them, held them a short time and then said, that he did not have his check book with him and that plaintiff had better take the certificates and come back in three or four days and he would then pay her for them; that plaintiff went back to the defendant in the course of three or four days and he then told her that he was not yet prepared to take the stock but would be ready to do so in a week or ten days; that plaintiff repeatedly within a short time afterwards tendered said certificates to the defendant and was told by him that he was not yet prepared to take and pay for

the shares. Said certificates with a proper endorsement to make transfers on the books of the company were produced in court and tendered to the defendant.

That this testimony tended to prove that a contract was entered into between the plaintiff and defendant in relation to the purchase and sale of said shares is not disputed. The contention of defendant in error is that plaintiff's testimony tended to establish, not a completed sale of said shares by plaintiff to defendant, but only a contract on her part to sell and on his part to buy the same; that under the contract her testimony tended to prove the title to the shares did not pass and the plaintiff could not therefore recover the purchase price either under the common counts or under the special count.

We think the testimony of the plaintiff tends to show a bargain and sale, a completed sale of the shares; that taking her testimony as true, she had the right to treat the shares as the property of the defendant and did so treat them by repeatedly tendering to him certificates for the number of shares so sold to him and by tendering them to him upon the trial. This under the rule of our Supreme Court stated in Osgood v. Skinner, 211 Ill., 229, gave to the plaintiff the right to recover the purchase price either under the special count or under the common count for goods bargained and sold.

It follows from what has been said that in our opinion the trial court erred in rendering, under the stipulation, a judgment for the defendant as upon a directed verdict in his favor. It is insisted on behalf of the defendant in error that, irrespective of any question of law involved, the judgment should be affirmed on the facts, on the ground that under the evidence the plaintiff was not entitled to a verdict, but the verdict should have been for the defendant, and that as a basis for such judgment of affirmance upon the facts, this court ought to find, as a fact, from the evidence in the record, "that defendant did not enter into any contract for the purchase of plaintiff's 271 shares of stock in the Garden City Filter Company." Counsel on both sides

have in their briefs reviewed the evidence and discussed the credibility of the witnesses.

Into questions of fact we cannot upon this record enter. A motion to direct a verdict for the defendant raises only a question of law, viz.: whether there is evidence before the jury from which, taken as true, the jury may properly find a verdict for the plaintiff. Upon review of a judgment upon a directed verdict for the defendant the question presented is, whether the trial court erred in directing a verdict for the defendant, and this raises only the same question of law that was decided adversely to the defendant by the trial court in directing a verdict. This court is not under the statute authorized to treat the question of law thus raised and passed upon by the trial court as one of fact. Treat v. Merchants Life Assn., 198 Ill., 431. It is only where the judgment of the trial court involves and is based upon a finding of facts, by the court, or by a jury, and this court finds the facts in whole or in part different from the finding of the trial court, that this court is authorized to make a finding of facts and make a final determination of the cause based on such finding of facts. The judgment in this case is not based upon any finding of fact by the trial court, but upon the decision of that court, as a question of law, that there was no evidence upon which the jury could properly find a verdict for the plaintiff.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*